IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01825-BNB

VANCE E. MARTIN,

    Applicant,

v.

AL ESTEP, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Vance E. Martin is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Martin initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 22, 2008, Mr. Martin file an amended application for a writ of habeas corpus. Mr. Martin is challenging the validity of his conviction and sentence in Weld County District Court case number 01CR1424. In an order filed on September 30, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 17, 2008, Respondents filed their Pre-Answer Response. On November 5, 2008, Mr. Martin filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Martin liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On May 5, 2003, Mr. Martin entered a guilty plea to three counts of attempted sexual assault on a child in the Weld County District Court. On August 7, 2003, Mr. Martin was sentenced to three consecutive terms of six years in prison. He did not file a direct appeal. However, Mr. Martin did challenge the validity of his sentences by filing a postconviction Rule 35(c) motion in the trial court in November 2005. On February 28, 2006, the trial court denied the Rule 35(c) motion. On December 6, 2007, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. Finally, on May 19, 2008, the Colorado Supreme Court denied Mr. Martin's petition for writ of certiorari in the postconviction proceedings.

The Court received the instant action for filing on August 18, 2008. Mr. Martin asserts two claims for relief in the amended application alleging that his constitutional right to be free from double jeopardy has been violated.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Martin's conviction became final when the time for filing a direct appeal expired because he did not file a direct appeal. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Martin had forty-five days to file a notice of appeal after he was sentenced on August 7, 2003. As a result, the Court finds that Mr. Martin's conviction became final on September 22, 2003.[1] The Court also finds that the one-year limitation period began to run on September 22, 2003, because Mr. Martin does not allege that

---

[1] Respondents assert that Mr. Martin's conviction became final, and the one-year limitation period began to run, on September 21, 2003. However, that date was a Sunday.

3

he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Because Mr. Martin did not file his postconviction Rule 35(c) motion in the trial court on or before September 22, 2004, the Court finds that the one-year limitation period expired before the Rule 35(c) motion was filed.

Mr. Martin concedes that he filed his postconviction Rule 35(c) motion in the trial court more than two years after he was sentenced. However, he argues that this action is timely because the one-year limitation period did not begin to run until June 10, 2008, when the postconviction proceedings ended. He bases this argument on the fact that the Rule 35(c) motion was timely under state law. The Court finds that this argument lacks merit. Although a properly filed state court postconviction motion will toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period does not start upon conclusion of the state court postconviction proceedings. Instead, the one-year limitation period starts in accordance with the provisions in § 2244(d)(1). For the reasons discussed above and in accordance with § 2244(d)(1), the one-year limitation period for Mr. Martin began to run on September 22, 2003, when his conviction became final. As a result, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on

time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Martin bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Martin fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Martin fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that one of Mr. Martin's claims is not exhausted. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 18 day of November, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01825-BNB

Vance E. Martin
Prisoner No. 93605
Fremont Corr. Facility
PO Box 999 - CH 1
Cañon City, CO 81215- 0999

Majid Yazdi
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk